### 17925.  MIDDLETON *v.* THE STATE.

1. In overruling the motion for a continuance the court did not commit such an abuse of discretion as, in the light of all the facts of the case, requires a reversal.

Criminal Law, 16 C. J. p. 451, n. 89, 91; 17 C. J. p. 295, n. 63.
Intoxicating Liquors, 33 C. J. p. 758, n. 80.

42

2. The judge did not err in overruling the ground of the motion for a new trial based on alleged prejudicial remarks made in the presence of the jury while he was hearing evidence on the motion to continue the case.

3. The evidence amply authorized the finding of the jury.

DECIDED APRIL 12, 1927.

Making intoxicating liquor; from Long superior court—Judge Sheppard. December 27, 1926.

*M. Price, W. C. Hodges,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general, J. T. Grice, solicitor-general,* contra.

BLOODWORTH, J. Upon a call of this case for trial the accused made a motion for continuance, because of the absence of two witnesses. The overruling of this motion was made one of the grounds of the motion for a new trial. The other special grounds of the motion were based upon alleged prejudicial remarks made by the judge in the presence of the jury while he was hearing evidence on the motion to continue the case, and in requiring the defendant to go to trial before jurors who were in the court-room at the time these remarks were made. The judge said: "I do not like the aspect being exhibited in some of these cases." Counsel for the accused then said: "Well, I assume your honor refers to this case." Thereupon the judge remarked: "As well as others." In his written order overruling the motion for a new trial the judge said: "In passing upon the first ground of the amendment to the motion for a new trial, the ground based upon the motion for continuance, I call attention to the fact that neither of the absent witnesses accompanied the defendant, and what the defendant expected to prove by these witnesses was that they were to go with him hunting hogs in these woods, but, for the reasons stated, they neither of them went; that he was at their place about 30 or 40 minutes before he was captured, and the distance from where he had met them to the place where he was arrested about a mile and a half away. When this testimony is considered in the light of the evidence of the sheriff and his deputy, I do not think it would materially affect the case. In reference to the second and third grounds of the amendment to the motion for a new trial, I desire to say that the remark was made in view of the fact that in every case called where the charge was the violation of the prohibition law, the defendants or their witnesses were absent and could not, after diligent search on the part of the

officers, be located, and the facts and circumstances surrounding these cases impressed me that the defendants were determined not to come to trial, and the attitude appeared to be one of defiance. I believed, from the circumstances surrounding the case, that these witnesses were purposely absent from the court, and I wish to say in this connection that I entirely and completely absolve the attorneys representing the defendant from any participation or connection in such intent or purpose, for I do not believe either of them would in any case be a party to such. It has been my purpose ever since I have been judge of the court to give all parties a fair and impartial trial. The remark of the judge complained of in the motion was made during the taking of testimony on the motion for continuance and before the selection of the jury to try the case, and I directed, at the request of the attorneys for the defendant, that the oath and voir dire questions be propounded to each juror separately as he was called, and he qualified according to law before he was placed upon the State or the accused as a trior. In view of all that occurred, I do not believe the rights of the defendant were prejudicated [prejudiced?], and therefore overrule the motion as amended on all of the grounds thereof." We agree with the judge in the conclusion reached, that he did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*